**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROL COSSIO, as guardian and
legal representative of SAHRIE
CAROL COLON; DONTE ELOY
COLON, minor children of Yvonne
Cossio, deceased,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
ROBERT ORTIZ, individually and in
his capacity as an officer of Denver
Police Department,

      Defendants-Appellees.

No. 97-1148
(D.C. No. 96-K-1493)
(D. Colo.)
1997 WL 129289

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision granting defendants summary judgment on her claims stemming from the shooting death of her daughter. This court will review a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1360-61 (10th Cir. 1997). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Plaintiff alleges that defendant police officer Robert Ortiz answered a call concerning an unwanted party in plaintiff's home, and removed the unwanted party, Jerome Perea, from the home, but did not arrest him. Mr. Perea returned a short time later and killed plaintiff's daughter.

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that defendants deprived her decedent of equal protection of the law, by treating calls concerning domestic violence differently than other calls, and deprived the decedent of due process by creating a dangerous situation and then not rendering necessary assistance. Plaintiff also asserts a § 1983 claim on behalf of decedent's children

for deprivation of familial association and a Colorado law claim against Officer Ortiz for wrongful death.[1]

On appeal, plaintiff argues that the district court erred in granting defendants summary judgment on these claims and also asserts that the district court should have allowed further discovery prior to ruling on defendants' summary judgment motion. Upon review of the record and the parties' appellate arguments, we affirm the entry of summary judgment in favor of defendants for substantially the reasons stated in the district court's well-reasoned decision dated March 19, 1997.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Plaintiff conceded, before the district court, that her state law wrongful death claims against the City, and her state law negligence claims asserted against both defendants, were barred by sovereign immunity. Further, plaintiff voluntarily dismissed her claim against the City based upon respondeat superior liability. These claims are, therefore, not before this court on appeal.